RECEIVED
JAN 3 1 2011
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PEOPLES STATE BANK                             5:10-CV-00762

VERSUS                                         JUDGE DONALD E. WALTER

STEPHEN SHIELDS                                MAGISTRATE JUDGE HORNSBY

## ORDER

Before the Court is a Motion to Dismiss and/or Motion to Stay [Doc. #10] filed on behalf of Defendant. The Employment Agreement signed by the parties contains a provision that all claims between Plaintiff and Defendant would be resolved by final and binding arbitration. At issue between the parties is Plaintiff's termination of Defendant a few months into his employment. Per the terms of the Employment Agreement as represented by the parties, if Plaintiff terminated Defendant with cause then Defendant was not entitled to a severance payment. However, if Plaintiff terminated Defendant without cause then a severance payment was owed. Defendant asserts that Plaintiff terminated him without cause, thus he is due a severance payment pursuant to the Employment Agreement.

Plaintiff brings this case seeking a declaratory judgment that any severance payment to Defendant would violate recent prohibitions against "golden parachutes" for bank executives found in U.S. treasury regulations, the Emergency Economic Stabilization Act of 2008 (EESA) and the American Recovery and Reinvestment Act of 2009 (ARRA). Consequently, no severance payment would be owed to Defendant. The intended result of Plaintiff's suit, then, is to preclude arbitration by having this court adjudicate whether the severance payment would constitute an impermissible golden parachute. Reaching Plaintiff's proffered conclusion would prevent Defendant from receiving

any payment from Plaintiff, thus mooting the need for arbitration.

The provisions of the Federal Arbitration Act (FAA) "manifest a 'liberal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)). Supreme Court precedent makes clear "that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Id.* at 26. An agreement to arbitrate a statutory claim is binding "unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). "The burden is on the party opposing arbitration, however, to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 227 (1987). "If such an intention exists, it will be discoverable in the text of the [statute], its legislative history, or an 'inherent conflict' between arbitration and the [statute's] underlying purpose." *Gilmer*, 500 U.S. at 26 (quoting *McMahon* at 227).

Plaintiff concedes that the EESA does not expressly mention, much less prohibit, arbitration of claims arising from its provisions. Further, the ARRA only precludes arbitration for disputes arising under the whistleblower protection provisions of the act (Section 1553). The express prohibition of arbitration for claims arising under Section 1553 suggests claims arising from other provisions of the ARRA would be arbitrable since Congress was willing to specify that certain provisions be expressly non-arbitrable.

Plaintiff also contends that:

> the TARP provisions referenced and quoted in its Complaint (relating

2

> to the prohibition of 'golden parachute payments'), indicate a congressional intent to keep this delicate matter from arbitration between private parties, and, due to the sensitive nature of the emergency banking provisions, require, instead, disputes relating to TARP Fund recipient's payment of illegal "golden parachute" bailouts be determined by federal courts.

[Doc. #14 at 4]. This court is not persuaded that the "delicate matter" or "sensitive nature" of TARP provisions precludes arbitration of Defendant's claim against Plaintiff. That the TARP provisions are only a secondary issue in the claim abets the conclusion that arbitration of this claim is permissible.

Plaintiff has not met its burden of showing that Congress intended to preclude arbitration in this situation. Therefore, **IT IS ORDERED** that the Motion to Dismiss And/Or Motion to Stay [Doc. # 10] be and is hereby **GRANTED**. Per 9 U.S.C. § 3, Plaintiff's claim for declaratory judgment is **STAYED** pending arbitration pursuant to the Employment Agreement between the parties.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31 day of January, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

3